# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TERRY CHANEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 18-0237-WS-M |
| COMMUNITY HOSPICE OF BALDWIN COUNTY, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Motion to Dismiss (doc. 11) filed by defendant Brett Adair. By Order (doc. 14) entered on July 24, 2018, the undersigned fixed a deadline of August 7, 2018, for plaintiff, Terry Chaney, to respond. In deference to Chaney's *pro se* status, the July 24 Order cautioned her in bold text that "this briefing schedule marks her only opportunity to be heard on defendant Adair's Motion to Dismiss. If plaintiff fails to file a response in a timely manner, the Court will take the Motion under submission without the benefit of any argument or authorities that plaintiff might otherwise wish to submit." (Doc. 14.) Notwithstanding these admonitions, Chaney elected not to respond to the Motion to Dismiss. The applicable briefing deadline having expired more than two weeks ago, the Motion is properly taken under submission at this time.¹

---

¹ The fact that Chaney is not represented by counsel in no way alters this conclusion because "even *pro se* litigants must comply with procedural rules and court orders." *Johnson v. Champions*, 990 F. Supp.2d 1226, 1236 n.16 (S.D. Ala. 2014). That said, Chaney's failure to respond to Adair's Motion to Dismiss neither constitutes a legal abandonment of her claims nor authorizes the reflexive granting of said Motion without examining its merits. *See, e.g., Gailes v. Marengo County Sheriff's Dep't*, 916 F. Supp.2d 1238, 1243-44 (S.D. Ala. 2013) (explaining that "the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss," but "will review the merits of the defendant's position" instead); *Church v. Accretive Health, Inc.*, 2014 WL 7184340, *7 n.10 (S.D. Ala. Dec. 16, 2014) ("the Court declines to equate plaintiff's failure to respond [to a Rule 12(b) motion] with waiver or abandonment of those claims"). However, plaintiff's omission is at her peril. The Court will not fill in the blanks with arguments she could have raised but did not.

On May 22, 2018, Chaney filed a Complaint naming as defendants Community Hospice of Baldwin County, Brett Adair and Jennifer Stewart. (Doc. 1, at 1.) In her form Complaint, Chaney alleged that, in terminating her employment, defendants discriminated against her on the basis of her race, national origin, mental disability, and age, and that they also unlawfully retaliated against her. The Complaint's primary set of factual allegations consists of the following:

> "I believe that I were discharged because of my age and in retaliation for reporting been discriminated and Harassment by Jennifer Stewart to Nick (Vice President) she spoke because of my age I can't do what I use to do. I could not believe Dr. Dan told me that they firing me for that and some more, I could not believe his words."

(Doc. 1, ¶ 11.) The only other factual allegation in the Complaint is a statement that "she remind me when she started back to work in April or May, 2017 that she were going to terminate me from my job, and will make sure I will never work again." (*Id.*, ¶ 6(D).) The sole reference to defendant Brett Adair is found in the caption of the case on page 1 of the Complaint. Indeed, the pleading lacks a single factual allegation about Adair, much less any basis for ascribing to him legal liability for the alleged violations of civil rights statutes about which Chaney complains.

Defendant Brett Adair now seeks dismissal of Chaney's claims against him pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted. Adair's Motion is predicated in part on movant's observation that "Plaintiff has failed to plead *any* factual content to allow this Court to draw the reasonable inference that Mr. Adair is liable for the misconduct alleged." (Doc. 11, at 6.)

To withstand Rule 12(b)(6) scrutiny and satisfy the minimum pleading requirements prescribed by Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] [her] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the

Eleventh Circuit has explained, *Twombly / Iqbal* principles demand that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 380 (11th Cir. 2010) (citations omitted). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, … but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted). The allegations "must … state a claim for relief that is plausible – and not merely possible – on its face." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

In its present form, Chaney's Complaint falls well short of the *Twombly / Iqbal* pleading requirements as to defendant Adair. Even under the liberal construction to which *pro se* pleadings are entitled, Chaney's Complaint is devoid of any factual content that might support a reasonable inference that Adair is liable for any of the misconduct alleged therein. Simply put, the Complaint lacks the necessary facts to state a claim to relief against Adair that is plausible on its face. Indeed, careful review of the Complaint confirms that it affords Adair no notice of what Chaney's claims against him are, or what the factual underpinnings of such claims might be. In light of these glaring deficiencies, the Court readily agrees with defendant Adair that Chaney has failed to state a claim against him and that her claims against him are properly dismissed at this time pursuant to Rule 12(b)(6).

For all of the foregoing reasons, the Motion to Dismiss (doc. 11) filed by defendant Brett Adair is **granted**, and all claims asserted against defendant Adair are **dismissed without prejudice**. The Clerk of Court is **directed** to terminate Brett Adair as a party defendant. This action will proceed as to plaintiff's claims against the remaining defendants, Community Hospice of Baldwin County and Jennifer Stewart.

DONE and ORDERED this 22nd day of August, 2018.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE