# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TERRY CHANEY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACT. NO. 1:18-cv-237-TFM-M |
| COMMUNITY HOSPICE OF BALDWIN COUNTY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is a Motion for Partial Summary Judgment filed by the remaining defendant, Community Hospice of Baldwin County ("CHBC") on August 29, 2018. Doc. 25. The Court has reviewed all the written pleadings, motions, responses, and replies, and the relevant law, and a hearing was held on the matter on July 10, 2019. Accordingly, the motion is ripe for review. For the reasons discussed below, the Court **GRANTS** the motion.

### I. JURISDICTION

The Plaintiff, Terry Chaney ("Plaintiff" or "Chaney") asserts claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as she alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Neither party contests either personal jurisdiction or venue and adequate support exists for both.

### II. BACKGROUND AND PROCEDURAL HISTORY

Chaney, proceeding *pro se*, filed a complaint in this case asserting claims against CHBC,

her former employer, of discrimination on the bases of race, national origin, disability, and age.[1] Doc. 1. She also asserts that CHBC retaliated against her for reporting discrimination and harassment. Specifically, Chaney alleges that she began working for CHBC in October 2008, and that she was harassed and discriminated against by Jennifer Stewart ("Stewart"), a nurse practitioner and administrator for CHBC, and another employee referred to as "Dr. Dan." *Id*. at 2. She asserts that she reported the discrimination to a superior at CHBC and filed charges alleging discriminatory conduct with the Equal Employment Opportunity Commission ("EEOC") on May 6, 2017, and that Stewart retaliated against her for doing so. Chaney alleges that "she"—presumably Stewart—"remind[ed] me when she started back to work in April or May, 2017 that she [was] going to terminate me from my job, and [would] make sure I will never work again." *Id*. at 1.

Chaney asserts she was terminated on September 25, 2017 "because of my age and in retaliation for reporting" the discrimination and harassment to a vice president at CHBC. *Id*. at 3. She alleges Stewart stated that, "because of my age I can't do what I used to do. I could not believe Dr. Dan told me that they [were] firing me for that and some more, I could not believe his words." *Id*. Chaney asserts that she received a right-to-sue letter from the EEOC on March 28, 2018. From this action Chaney seeks, *inter alia*, back pay and reinstatement to her former job.

CHBC moved for partial summary judgment on August 29, 2018. Docs. 25, 26. On September 11, 2018, after CHBC filed its motion but before the Court issued a briefing schedule, Chaney filed a response.[2] Doc. 30. Subsequently, the Court issued a briefing schedule, and on

---

[1] Chaney also named in the suit Jennifer Stewart, a registered nurse and administrator for CHBC and Brett Adair, the attorney representing CHBC in these proceedings. However, the claims against Adair and Stewart were previously dismissed without prejudice (Docs. 21, 34).

[2] In tandem with her *pro se* response, Chaney filed a motion to appoint counsel, which the Court

October 17, 2018, Chaney filed another response. Docs. 29, 32.[3] CHBC did not file a reply.

The motion subsequently was held in abeyance pending a ruling by the U.S. Supreme Court in *Fort Bend Cty., Tex., v. Davis*, 139 S. Ct. 1843 (2019), to determine whether, in the context of a Title VII discrimination claim, the requirement that a plaintiff exhaust her administrative remedies prior to filing suit is a jurisdictional prerequisite to suit or a waivable claim-processing rule—a question of relevance to this motion. *See* Doc. 37. The Supreme Court ruled on June 3, 2019, holding that the requirement is not jurisdictional. *Davis*, 139 S. Ct. at 1851-52.

On June 5, 2019, this Court lifted the stay and permitted the parties to file supplemental briefing. Doc. 38. CHBC responded on June 17, 2019, with *Defendant's Supplemental Brief Regarding Davis v. Fort Bend Cty., Tex*. Doc. 39. Chaney did not file a supplemental response. A hearing was held on the motion for partial summary judgment on July 10, 2019.

### III.  MOTION

CHBC has moved for partial summary judgment, arguing that Chaney's claims alleging discrimination on the basis of race, national origin, and disability should be dismissed because Chaney listed no such claims in her Charge of Discrimination, and thus, those claims were not investigated by the EEOC. Docs. 25, 26. More specifically, CHBC argues that Chaney's Charge of Discrimination alleged only that she was harassed and terminated from her position with CHBC due to her age and in retaliation for reporting the harassment, a protected activity. Defendant

---

denied. Docs. 31, 33.

[3] The September 11, 2019, filing was docketed as a response to a motion for summary judgment filed previously by a former defendant, and the October 17, 2018, filing was docketed as a "notice." *See* Docs. 30, 32. Nevertheless, it is unclear from the face of the filings which document was intended as Chaney's response to CHBC's motion for summary judgment. Out of an abundance of caution and in light of Chaney's *pro se* status, the Court will consider both for purposes of the pending motion.

argues that Chaney's claims made no mention of her race, national origin, any disability, or any retaliation on those bases.

CHBC argues that, because Chaney omitted those claims from her Charge of Discrimination, they could not reasonably be expected to have grown out of the facts contained in her Charge of Discrimination and, as a result, did not fall within the scope of the EEOC's investigation. CHBC asserts that there is no genuine dispute of material fact in relation to the claims listed in Chaney's Charge of Discrimination or the reasonable scope of the investigation that grew out of them. Consequently, CHBC seeks judgment as a matter of law as to Chaney's claims of race, national origin, and disability discrimination. CHBC attaches to its complaint a Charge of Discrimination filed by Chaney with the EEOC against CHBC. Doc. 26-1.

In its supplemental response, CHBC argues that the Supreme Court's decision in *Davis* confirms that Chaney's claims are due to be dismissed because she failed to exhaust her administrative remedies. Doc. 39. CHBC notes that it pleaded failure to exhaust as an affirmative defense in its Answer in this case and then raised it in the instant motion, and thus, there is no reasonable argument that this defense has been waived. CHBC attaches to the supplement an EEOC intake questionnaire executed by Chaney and filed with the EEOC's Mobile office. Doc. 39-1.

In her initial response Chaney states that Stewart "made sure that she got her point across to me in front of everyone at our CNA luncheon that she [was] going to terminate me, make sure I would never work again, if she had [anything] to do with it. She used her [p]ower to make my job very difficult." Doc. 30 at 1. Chaney asserts, as an example, that Stewart had hired a part-time employee to cover shifts when workers needed time off, but when Chaney was sick and needed time off, Stewart told her no one could cover her shift. She alleges that, instead, Stewart

sent her "a nasty text that I need to speak to her," even though Chaney had followed the same procedure as other employees. *Id*. Chaney states that Stewart "did everything to humiliate me from day one," from May 2017 until her firing in September 2017. *Id*. She alleges that "Dr. Dan" and CHBC went along with Stewart's behavior, and that they discriminated against her based on her race, national origin, and age, made fun of her disability,[4] harassed her, and retaliated against her for trying to protect her rights through complaints to the EEOC. *Id*. at 1-2. She also asserts that Defendants hacked her phone and destroyed evidence supporting her allegations.

In her subsequent response, Chaney restates her prior allegations and argues that she asked only that CHBC protect her and secure her job, but "Dr. Dan" only protected Stewart. Doc. 32 at 1. She asserts that she was singled out for harassment at a CNA appreciation lunch and was made fun of in front of everyone. She asserts that Stewart told her she would fire her and make sure she never got another job, and that Stewart's treatment made her job more difficult. She appears to assert that the situation got worse when she said she would find a lawyer in order to protect her rights and her job.

### IV. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute alone is not enough to defeat a properly pleaded motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "[T]he substantive law will identify which facts are material." *Id*. at 248, 106 S. Ct. at 2510. At the summary judgment stage, the court does not "weigh the evidence

---

[4] The nature of Chaney's alleged disability is unclear from the pleadings.

and determine the truth of the matter," but merely "determine[s] whether there is a genuine issue for trial." *Id*. at 249, 106 S. Ct. at 2511. An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citation and internal quotations omitted).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553). The court must view facts and draw all reasonable inferences in favor of the nonmoving party. *Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011) (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)). However, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likely insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89, 110 S. Ct. 3177, 3188-89, 111 L. Ed. 2d 695 (1990).

Finally, Fed. R. Civ. P. 56(e) provides that:

> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;

> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

FED. R. CIV. P. 56(e).

## V. DISCUSSION AND ANALYSIS

Pleadings by *pro se* litigants "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (citation and internal quotations omitted); *see also S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992) (stating that the court should use "common sense" when interpreting *pro se* pleadings). "When a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Evans*, 850 F.3d at 1254 (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (internal quotations omitted)). "Although a *pro se* litigant generally should be permitted to amend her complaint, a district court need not allow amendment when it would be futile." *Id*. (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Leave to amend is futile when the amended complaint still would be immediately subject to summary judgment for the defendant. *Id*.

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Similarly, Subchapter I of the ADA requires that, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.

§ 12112(a). The term "covered entity" refers to an employer, employment agency, labor organization, or joint labor-management committee. 42 U.S.C. § 12111(2). Likewise, the ADEA renders it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

Prior to filing a lawsuit under Title VII, the ADA, or the ADEA, a plaintiff must exhaust available administrative remedies by timely filing a Charge of Discrimination with the EEOC. *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010); *see also* 42 U.S.C. § 2000e-5(b), (e)(1) (stating, in the context of an alleged Title VII violation, that a plaintiff must file a charge within 180 days of the alleged unlawful employment practice); 42 U.S.C. § 12117(a) (applying the enforcement provisions of Title VII to allegations of discrimination under the ADA); 29 U.S.C. § 626(d)(1)(A) (stating, in the context of an alleged ADEA violation, that a charge must be filed within 180 of the alleged unlawful discrimination).

"The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation." *Id*. (quoting *Alexander v. Fulton Cty.,* 207 F.3d 1303, 1332 (11th Cir. 2000)) (internal quotations omitted). A complaint filed in federal court may not allege new acts of discrimination, but rather, is necessarily limited to allegations that "amplify, clarify, or more clearly focus," or could otherwise be expected to grow out of, the Charge of Discrimination. *Id*. (quoting *Gregory v. Ga. Dep't of Human Res*., 355 F.3d 1277, 1279-80 (11th Cir. 2004)).

Of relevance here, the Supreme Court in June resolved a circuit-court split by determining that failure to comply with Title VII's charge-filing requirement, while not a bar to this Court's jurisdiction, is nonetheless a mandatory precondition to suit. *Davis*, 139 S. Ct. at 1851-52 (2019).

Consequently, if Chaney has, as CHBC alleges, failed to exhaust her administrative remedies as to certain counts, that failure does not deprive this Court of jurisdiction, but it does prevent Chaney from pursuing those claims in federal court absent some showing of forfeiture by the defense.

Here, CHBC alleges that Chaney failed to exhaust her administrative remedies through the EEOC before bringing her claims for discrimination based on race, national origin, and disability. As evidence, CHBC provides a copy of a Charge of Discrimination filed by Chaney with the EEOC, and an intake questionnaire executed by Chaney and filed with the EEOC's Mobile office. Docs. 26-1, 39-1. In the Charge of Discrimination, Chaney checks boxes for discrimination based on age and retaliation but leaves unchecked boxes for discrimination based, in relevant part, on race, national origin, and disability. Doc. 26-1 at 2. Chaney alleges that she was discriminated against between May 8, 2017, and September 25, 2017. She asserts that she was 58 years old at the time she filed the form, that she was hired by CHBC in 2008 as a certified nursing assistant, and that she was terminated on September 25, 2017. *Id*. She alleges that the "reason Jennifer Stewart (Administrator/40s) gave for the termination was for not reporting to Amy Peterson (Nurse) that I failed to see a patient. I believe that I was discharged because of my age and in retaliation for reporting harassment by Ms. Stewart, to Nick LNU (Vice President)." *Id*.

Similarly, one section of the intake questionnaire submitted by CHBC asks, "Do You Have a Disability?"—which Chaney answered by checking the box for "No." Doc. 39-1 at 2. Where the questionnaire asks the basis for the claim of employment discrimination, Chaney checked the box for age. *Id*. at 3. She did not check the boxes for race, disability, or national origin. *Id*. Chaney also left blank a section the applicant is directed to fill out *only* if she is claiming discrimination on the basis of disability. *Id*. at 4.

Chaney, in turn, has filed nothing with the Court to refute CHBC's evidence. Moreover, in the hearing on the motion, Chaney, appearing *pro se*, indicated that she had no additional documents or evidence that would shed light on the scope of the EEOC investigation into her complaint. Chaney reiterated her allegations, stating that Stewart harassed her every day on the job and tried to make her job more difficult. Chaney said Stewart had previously been employed there as a nurse and had been racist and discriminatory towards her, and that it continued when Stewart returned as general manager. Chaney stated in the hearing that she informed the CHBC vice president when Stewart harassed her at a memorial service. Chaney stated that, as she was getting ready to leave the service, she told Stewart she needed to return to use the restroom, and Stewart stated that Chaney was old. Chaney stated that Stewart told her she was old and could not work with patients, but she worked hard every day.

Although it appears from the evidence that Chaney pursued claims with the EEOC of age-based discrimination and retaliation, there is simply nothing to demonstrate that she pursued claims of race, national origin, or disability discrimination prior to filing her complaint in this Court. Nothing in Chaney's statements to the Court counter CHBC's evidence that Chaney failed to file a Charge of Discrimination with the EEOC as to her claims of race, national origin, and disability discrimination prior to filing the instant suit, or indicate that such claims could be expected to grow out of the Charge of Discrimination, or the EEOC in any way investigated such allegations. Rather, it appears that these claims are newly asserted in this Court. Therefore, the Court finds Chaney failed to properly bring the claims to the EEOC for initial investigation, as required, before filing suit here. Accordingly, her administrative remedies are unexhausted, and the claims are due to be dismissed.

## V. Conclusion

Based on the foregoing, *Defendant's Motion for Partial Summary Judgment* (Doc. 25) is **GRANTED.** Plaintiff's claims of discrimination based on race, national origin, and disability are **DISMISSED**. Her claims of discrimination based on age and retaliation remain.

**DONE and ORDERED** this 24th day of October 2019.

<pre>
                                /s/Terry F. Moorer
                                TERRY F. MOORER
                                UNITED STATES DISTRICT JUDGE
</pre>